**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 6 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD SCHEEL, | No.   17-35725 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-01112-AC |
| v. | |
| GUIDEONE MUTUAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted October 12, 2018[**]
Portland, Oregon

Before:  CLIFTON and CALLAHAN, Circuit Judges, and BENITEZ,[***] District Judge.

GuideOne Mutual Insurance Company appeals from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

summary judgment order and bench trial decision in favor of Gerald Scheel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

GuideOne has filed a Power of Attorney and Undertaking ("PAU") with Canadian authorities that effectively prevents it from defending claims on the basis that its policy did not provide the minimum coverage amount of C$150,000 required by British Columbia law. Separately, the law of British Columbia requires a motorist to carry insurance for personal injury protection of at least C$150,000. The Personal Injury Protection Endorsement in Scheel's policy limited GuideOne's liability to $25,000. GuideOne urges us to reverse the district court's finding that the higher C$150,000 Canadian limits apply to Scheel. Specifically, GuideOne argues that because Scheel filed his action in Oregon, rather than in Canada, the higher Canadian limits do not apply. We disagree.

The district court decided the higher Canadian limits applied on two independent grounds, one based on Oregon state law principles of insurance contract interpretation and the other based on Canadian law interpreting PAUs. We affirm based on the Oregon state law ground.

Interpreting GuideOne's policy under Oregon law, the district court correctly found that the Out-of-State Coverage clause promised medical benefits coverage at the minimum limits required in the jurisdiction where a collision occurs. Scheel's collision occurred in Canada. Thus, the district court correctly interpreted the policy

17-35725

as applying the C$150,000 Canadian limit.

GuideOne also appeals the district court's interpretation of "expenses incurred" to mean Scheel's expenses *at the time of treatment*. GuideOne contends it should not be liable for medical billing amounts Scheel did not pay due to his medical insurer's negotiations with medical providers. Again, we disagree. The district court correctly found the phrase, "expenses incurred," refers to those expenses to which Scheel became personally liable at the time of the treatment, not the actual amount he paid to resolve such expenses. *See, e.g., White v. Jubitz Corp.*, 347 Or. 212, 219 P.3d 566, 578 (2009) ("A plaintiff who is injured and who obtains necessary medical treatment becomes 'liable or subject to' reasonable charges for that treatment and thereby 'incurs' them . . . Whether or by what means the plaintiff or a third party satisfies medical charges is a matter between the plaintiff, the third party, and the medical providers."). Therefore, the district court's judgment is correct as a matter of Oregon law.

**AFFIRMED.**

17-35725